**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PB LIFE AND ANNUITY CO., LTD.,** *et al.*[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| **COLORADO BANKERS LIFE INSURANCE COMPANY, SOUTHLAND NATIONAL INSURANCE CORPORATION, BANKERS LIFE INSURANCE COMPANY AND SOUTHLAND NATIONAL REINSURANCE CORPORATION,**<br><br>        Plaintiffs,<br><br>-against-<br><br>**PB LIFE AND ANNUITY CO., LTD., NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD., OMNIA LTD., AND PB INVESTMENT HOLDINGS LTD.,**<br><br>        Defendants. | Adv. Pro. No. 22-01149 (LGB) |

**ORDER STAYING THE NC INSURANCE COMPANIES' COMPLAINT FOR
DECLARATORY JUDGMENT**

      **WHEREAS**, on September 21, 2022, Colorado Bankers Life Insurance Company,

Southland National Insurance Corporation, Bankers Life Insurance Corporation, and Southland

National Reinsurance Corporation (collectively, the "Plaintiffs" or the "NC Insurance

Companies") commenced this adversary proceeding (the "NCAP") with the filing of the

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd. (collectively, the "Debtors") are Bermuda limited companies, with a registered address at c/o Deloitte Ltd., Corner House 20 Parliament Street, Hamilton, HM 12, Bermuda. The Debtors' chapter 15 cases are jointly administered for procedural purposes by orders of this Court [ECF Nos. 11 and 42]. References to "ECF No." relate to documents filed in the Debtors' chapter 15 cases and references to "NC Adv. Pro. ECF No." relate to documents filed in this adversary proceeding.

*Complaint for Declaratory Judgment* [NC Adv. Pro. ECF No. 1] (the "Complaint") against PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd, Omnia Ltd., and PB Investment Holdings Ltd. (collectively, the "NCAP Defendants"); [2] and

**WHEREAS**, on September 20, 2022, Rachelle Frisby and John Johnston of Deloitte Ltd. as the joint provisional liquidators and authorized foreign representatives (the "JPLs") for the Debtors and NCAP Defendants in the NCAP, filed in the Debtor's main bankruptcy case [No. 20-12791] (the "Main Bankruptcy Case") the *Amended Motion of the Joint Provisional Liquidators to Enforce the Stay Against the NC Insurance Companies, Rehabilitators and Lindberg Entities With Respect to the Amended Judgment and Order and Implementation of the MOU Pursuant to 11 U.S.C. §§ 362 and 1520* [ECF No. 335] (the "Amended Motion to Enforce"); and

**WHEREAS,** the NCAP Defendants filed the *Answer to NC Insurance Companies' Complaint for Declaratory Judgment and Counterclaim* in the NCAP on January 9, 2023 [NC Adv. Pro. ECF No. 38] (the "Answer"); and

**WHEREAS,** the NC Insurance Companies filed the *NC Insurance Companies' Motion to Strike Counterclaim from Defendants' Answer or, in the Alternative, to Bifurcate Counterclaim from the Answer* [NC Adv. Proc. ECF No. 43] (the "Motion to Strike") in the NCAP on January 30, 2023; and

**WHEREAS,** the NCAP Defendants filed the *Defendants' Opposition to the NCIC's Motion to Strike Defendants' Counterclaim or, in the Alternative, to Bifurcate the Counterclaim from Defendant's Answer* [NC Adv. Proc. ECF No. 45] (the "Opposition to the Motion to Strike") in the NCAP on February 8, 2023; and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion to Strike.

**WHEREAS,** the NC Insurance Companies filed the *Reply in Support of Motion to Strike Counterclaim from Defendants' Answer or, in the Alternative, to Bifurcate Counterclaim from the Answer* [NC Adv. Proc. ECF No. 46] (the "Reply in Support of Motion to Strike") in the NCAP on February 13, 2023; and

**WHEREAS,** the NCAP Defendants filed a letter to this Court regarding the Motion to Strike [NC Adv. Pro. ECF No. 47] (the "NCAP Defendant's Letter Regarding the Motion to Strike") in the NCAP on February 14, 2023; and

**WHEREAS,** this Court entered the *Order Granting, in Part, and Denying, in Part, NC Insurance Companies' Motion to Strike Counterclaim from Defendants' Answer or, in the Alternative, to Bifurcate Counterclaim from the Answer* [NC Adv. Pro. ECF No. 57] (the "Order Regarding the Motion to Strike"), thereby staying the Counterclaim against the NC Insurance Companies in accordance with the terms of the Order Regarding the Motion to Strike; and

**WHEREAS,** the NC Insurance Companies sent a letter in the NCAP to this Court, dated March 20, 2023 [NC Adv. Pro. ECF No. 58] (the "First NC Letter"), requesting this Court schedule a pre-motion on-the-record conference (the "Summary Judgment Conference") in advance of their filing a motion for summary judgment (the "Summary Judgment Motion") with respect to each of the counts in the Complaint, and the affirmative defenses asserted by the NCAP Defendants in their Answer to the Complaint; and

**WHEREAS,** the NCAP Defendants sent a reply letter in the NCAP to this Court, dated March 23, 2023 [NC Adv. Pro. ECF No. 60] (the "First NCAP Defendants' Letter"), asking that this Court deny the NC Insurance Companies' request to file summary judgment before the completion of discovery; and

**WHEREAS,** the NC Insurance Companies sent a second letter in the NCAP to this Court, dated March 30, 2023 [NC Adv. Pro. ECF No. 61] (the "Second NC Letter" or, collectively with the First NC Letter, the "NC Insurance Companies' Letters"), stating that the NC Insurance Companies would ask at the Summary Judgment Conference that discovery in the NCAP be stayed until adjudication of the Summary Judgment Motion; and

**WHEREAS,** the NCAP Defendants sent a second letter in the NCAP to this Court, dated April 7, 2023 [NC Adv. Pro. ECF No. 63] (the "Second NCAP Defendants' Letter" or, collectively with the First NCAP Defendants' Letter, the "NCAP Defendants' Letters"), asking that the Court allow discovery to proceed in the normal course, and defer all summary judgment motion until after discovery is completed; and

**WHEREAS,** the Court having held a hearing in the Main Case on the Amended Motion to Enforce on March 23, 2023 and, which was continued to, and concluded on, March 31, 2023 (collectively, the "Hearing"); and

**WHEREAS,** the Court having ruled at the Hearing that the Amended Motion to Enforce the Stay was denied (the "Court's Ruling"), and scheduling the requested Summary Judgment Conference in the NCAP for April 10, 2023; and

**WHEREAS,** the Court having held the Summary Judgment Conference in the NCAP on April 10, 2023; and

**WHEREAS**, the Court having entered an Order Denying the Amended Motion to Enforce [ECF No. 504] (the "Order Denying the Motion") in the Main Bankruptcy Case on April 10, 2023; and

**WHEREAS,** the Court having reviewed the Complaint, the Court's Ruling on the Amended Motion to Enforce, the NC Insurance Companies' Letters and the NCAP Defendants' Letters.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. In light of the Court's Ruling and the Order Denying the Amended Motion to Enforce, the NCAP—including the NCAP Defendants' outstanding discovery requests associated therewith—is stayed.

Dated:  April 11, 2023
New York, New York

**/s/ Lisa G. Beckerman**
Honorable Lisa G. Beckerman
United States Bankruptcy Judge